TED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA E.,[1] | : | Case No. 2:25-cv-00016 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS**[2]

Plaintiff Jessica E. brings this case challenging the Social Security Administration's denial of her applications for Child Disability Benefits (CDB) and Supplemental Security Income (SSI). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record. (Doc. #7).

**I.     Background**

The Social Security Administration provides CDB and SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

"substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits in September 2021, alleging disability due to several impairments, including anxiety; depression; PTSD; lower back pain due to bulging discs and pinched nerves; bladder and bowel incontinence; and abdominal and pelvic pain with nausea. (Doc. #7-6, *PageID* #319). At that time, she had not yet attained the age of twenty-two years old.[3] After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a telephone hearing before Administrative Law Judge (ALJ) Irma Flottman on August 24, 2023. (Doc. #7-2, *PageID* #s 65-89). Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[4] She reached the following main conclusions:

| | |
|---|---|
| Step 1: | Born [in] … 1999, Plaintiff had not attained age 22 as of January 22, 2021, the alleged onset date. |
| | Plaintiff has not engaged in substantial gainful activity since January 22, 2021, the alleged onset date. |
| Step 2: | She has the following severe impairments: degenerative disc disease of the lumbar spine, scoliosis, obesity, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and autism spectrum disorder. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

---

[3] Social Security regulations provide for the payment of disabled child's insurance benefits if the claimant is eighteen years old or older and has a disability that began before attaining age twenty-two. 20 C.F.R. § 404.350(a)(5).
[4] The remaining citations will identify the pertinent Child Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

2

| | |
|---|---|
| Step 4: | Her residual functional capacity ("RFC"), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "medium work… except the claimant is limited to occasional stooping, crouching, crawling, and climbing ladders, ropes, and scaffolds; frequent kneeling and climbing ramps and stairs. Mentally, she has no understanding or memory limits; can maintain concentration, persistence, and pace in a routine work environment without fast pace and with few but predictable-type changes (i.e. no assembly line); and can interact with coworkers and supervisors, by engaging in brief work-related interactions such as asking questions, clarifying instructions, gathering information, directing where items should be placed, and serving, but no conflict resolution or directing the work of others. She should have no public interaction or work that involves tandem tasks or close over the shoulder supervision." |
| | She has no past relevant work. |
| Step 5: | Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #7-2, *PageID* #s 42-57). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 22, 2021, though the date of the decision, November 21, 2023. *Id.* at 57.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 43-57), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.** <u>**Discussion**</u>

Plaintiff argues that the ALJ failed to properly evaluate the prior administrative medical findings and the medical opinions. (Doc. #8, *PageID* #s 2139-25). Specifically, Plaintiff argues that the ALJ failed to assess the supportability of the prior administrative medical findings of Jennifer Swain, Ph.D., and Karla Delcour, Ph.D. *Id.* at 2141-47. Plaintiff also contends that the ALJ erred by finding the medical opinions of Traci Kessler, LSW; Jeanie Zsambok, Ph.D.; and Miranda Smiley, APRN, equally persuasive but failing to articulate the other factors under § 404.1520c(c), despite these opinions being "not exactly the same" as directed by §

404.1520c(b)(3).  *Id.* at *PageID* #s 2147-51. Finally, Plaintiff argues that the ALJ reversibly erred in finding that Ms. Kessler "did not cite objective findings to support her opinion" when Ms. Kessler cited to "several specific objective clinical signs and symptoms in support of her opinion." *Id*. at *PageID* #s 2150-51.

The Commissioner counters that the ALJ properly considered the record as a whole in determining the RFC and properly evaluated the opinion evidence in accordance with the appropriate regulations.  (Doc. #10, *PageID* #s 2157-68).

A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 404.1520c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 404.1520c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. 20 C.F.R. § 404.1520c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

**A. State Agency Psychologists' Opinions**

6

In formulating Plaintiff's mental RFC, ALJ Flottman considered the opinion of state agency psychologist, Jennifer Swain, Ph.D., who reviewed Plaintiff's records on March 22, 2022. (Doc. #7-2, *PageID* #54, citing Doc. #7-3, *PageID* #s 113-20).  Dr. Swain adopted the prior ALJ's findings that Plaintiff could maintain concentration, persistence, and pace in a routine work environment without fast pace and with few but predictable-type changes and could interact with the public, coworkers, and supervisors to engage in brief work-related interactions. *Id.* at 117-18.

Additionally, the ALJ considered the opinion of state agency psychologist, Karla Delcour, Ph.D., in her formulation of Plaintiff's mental RFC. (Doc. #7-2, *PageID* #54, citing Doc. #7-3, *PageID* #s 133-44). Dr. Delcour reviewed Plaintiff's file upon reconsideration on September 2, 2022, and adopted the prior ALJ's findings. *Id.* at 143-44.

ALJ Flottman found Dr. Swain's and Dr. Delcour's opinions to be "partially persuasive." (Doc. #7-2, *PageID* #54). The ALJ found that some of Dr. Swain's and Dr. Delcour's findings were consistent with examinations where Plaintiff reported only mild symptoms and Plaintiff presented as cooperative, friendly, calm, and smiling with normal mood and affect, normal speech and thoughts, good insight and judgment, and intact impulse control, attention, concentration, and memory. (*Id*, citing to Doc #7-7, *PageID* #s 478, 480, 489, 492, 494, 517, 535, 631, 633-34, 665-66, 715, 737, 743, 831, 837-38; Doc. # 7-8, *PageID* #861; Doc. #7-9, *PageID* #894; Doc. #7-10, *PageID* #s 1437-38, 1506; Doc. #7-12, *PageID* #s 1886-87, 1893-94, 1900-01, 1914, 1926-27).

Plaintiff argues that the ALJ did not assess the supportability factor when evaluating Dr. Swain's and Dr. Delcour's opinions, necessitating a remand. (Doc. #8, *PageID* # 2141-46). For the following reasons, the undersigned finds Plaintiff's argument unpersuasive. While Plaintiff

7

points to case law indicating that a remand is warranted when the ALJ fails to follow the Social Security Administration's regulations, that error is reversible "where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). In this case, both Dr. Swain's and Dr. Delcour's opinions adopted the prior ALJ's mental RFC, without providing their own limitations or explanations for limitations. (Doc. #7-3, *PageID* #s 119, 143). "If the consultant[s'] report[s] [do] not clearly identify the documents that support their opinions, then the ALJ's ability to conduct separate supportability and consistency analyses will be limited." *Molly H. v. Comm'r of Soc. Sec.*, No. 3:24-cv-181, 2025 WL 2630681, at *7 (S.D. Ohio Sep. 12, 2025) (Gentry, M.J.). When comparing Dr. Swain's and Dr. Delcour's opinions to the ALJ's mental RFC, the ALJ's mental RFC is more restrictive in limitations than Dr. Swain and Dr. Delcour's adoption of the prior ALJ's RFC; the ALJ included the limitations that Plaintiff "should have no public interaction or work that involves tandem tasks or close over the shoulder supervision," indicating that she found Plaintiff more limited in social interaction than either Dr. Swain or Dr. Delcour. (Doc. #7-2, *PageID* #54); (Doc. #7-3, *PageID* #s 119, 143). The ALJ even explained that Plaintiff's autism spectrum disorder diagnosis "*supported* further social limitations." *Id*. (emphasis added). This indicates that the ALJ found Dr. Swain's and Dr. Delcour's opinions "partially persuasive" because, although their opinions of mild and moderate limitations were consistent with many exams where Plaintiff "reported only mild symptoms" and where treatment providers noted Plaintiff "present[ed] as cooperative, friendly, calm, smiling having a normal mood and affect, exhibiting normal speech and thoughts, having good insight and judgment, and having intact

8

impulse control, attention, concentration, and memory," Plaintiff's autism spectrum disorder diagnosis required more limitations. *Id*. The ALJ adopting most of Dr. Swain's and Dr. Delcour's opinions, with the only deviation being further social interaction limitations for Plaintiff, does not constitute an "error [that] prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). Furthermore, Plaintiff has not pointed to specific evidence that the ALJ failed to consider in a supportability analysis that would support remand. Therefore, the undersigned is not persuaded by Plaintiff's first argument.

### B. Ms. Smiley's, Ms. Kessler's, and Dr. Zsambok's Opinions

In June 2022, Miranda Smiley, APRN, opined that Plaintiff's mental impairment of major depressive disorder, recurrent, mild imposed no work-related limitations except for moderate limitations in interacting with others. (Doc. #7-10, *PageID* #s 1465-68). She believed Plaintiff would rarely be absent from work and off-task, has only mild mental limitations, and would be able to sustain full time work. *Id.*

The ALJ did not find Ms. Smiley's assessment persuasive. (Doc. # 7-2, *PageID* #54). She found the opinion not well supported as Ms. Smiley's examinations of Plaintiff supported and were consistent with further limitations, including findings such as an anxious mood, poor insight and judgment, and impaired concentration. *Id*.; *see* Doc. #7-7, *PageID* #s 515, 631, 665, 715, 737, 743; Doc. #7-10, *PageID* #s 1437-38.

Traci Kessler, LSW, opined in July 2022 that Plaintiff had extreme limitations in working at an appropriate and consistent pace, completing tasks in a timely manner, ignoring or avoiding

distractions while working, changing activities or work settings without being disruptive, sustaining an ordinary routine and regular attendance, working a full day without needing more than the allotted number or length of rest periods during the day, adapting to changes, and making plans for herself independently of others. (Doc. #7-10, *PageID* #s 1512-13). Ms. Kessler also found Plaintiff to have marked limitations in following one- or two-step instructions, describing work activity to someone else, sequencing multi-step activities, using reason and judgment to make work-related decisions, initiating and performing a task that she understood and knew how to do, responding to changes, managing her psychologically based symptoms, distinguishing between acceptable and unacceptable work performance, and setting realistic goals. *Id.* She concluded that Plaintiff would miss more than three days of work a month. *Id.*

The ALJ found Ms. Kessler's opinions not well supported as she did not cite to objective findings that support extreme limitations. (Doc. #7-2, *PageID* #54). The ALJ further found that Ms. Kessler's opinion was not consistent with mental status examinations where Plaintiff reported only mild symptoms or the examinations when Plaintiff presented as cooperative, friendly, calm, and smiling with normal mood and affect, normal speech and thoughts, good insight and judgment, and intact impulse control, attention, concentration, and memory. *Id.* (citing Doc # 7-7, *PageID* #s 478, 480, 489, 492, 494, 517, 535, 631, 633-34, 665-66, 715, 737, 743, 831, 837-38; Doc. #7-8, *PageID* #861; Doc. #7-9, *PageID* #894; Doc. #7-10, *PageID* #s 1437-38, 1506; Doc. #7-12, *PageID* #s 1886-87, 1893-94, 1900-01, 1914, 1926-27).

In October 2022, Jeanie Zsambok, Ph.D., evaluated Plaintiff to determine if she met the criteria for autism spectrum disorder. (Doc. #7-11, *PageID* #s 1756-58). Dr. Zsambok concluded

10

that while Plaintiff did not have some of the more obvious symptoms (i.e. lack of non-verbal communication) and other symptoms were mild (i.e. poor eye contact, limited social smiling, limited facial expressions), Plaintiff did meet the criteria for an autism spectrum disorder diagnosis. *Id*. at 1758. Dr. Zsambok found that Plaintiff's most prominent symptoms were in the area of social skills. *Id*. Dr. Zsambok opined that "[Plaintiff] has trouble interacting with others, may need help organizing her daily tasks, and, if she returned to work, it was recommended that she start part-time." *Id.*

The ALJ found Dr. Zsambok's opinion not persuasive. (Doc. #7-2, *PageID* #55). Although finding Dr. Zsambok's opinion well supported by references to objective findings, the ALJ explained that her opinion was vague and did not adequately address the full range of Plaintiff's limitations and abilities. *Id.* Further, the ALJ determined that Dr. Zsambok's opinion was not consistent with examinations where Plaintiff reported only mild symptoms or the examinations when Plaintiff presented as cooperative, friendly, calm, and smiling with normal mood and affect, normal speech and thoughts, good insight and judgment, and intact impulse control, attention, concentration, and memory. *Id.*

Plaintiff contends that the ALJ erred by finding the above medical opinions equally persuasive but failing to articulate the other factors under § 404.1520c(c) as required by 20 C.F.R. § 404.1520c(b)(3). (Doc. #8, *PageID* #2147). For the following reasons, the undersigned finds Plaintiff's argument unpersuasive.

20 C.F.R. § 404.1520c(b)(3) directs that "when [the ALJ] find[s] that two or more medical opinions or prior administrative medical findings about the same issue are both *equally well*

11

*supported ... and consistent* with the record … but are not exactly the same, [the ALJ] will articulate how [the ALJ] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in [Plaintiff's] determination or decision." (emphasis added). In this case, the ALJ found Ms. Smiley's, Ms. Kessler's, and Dr. Zsambok's opinions *not* persuasive, because they were either not well supported, not consistent with the record, or not well supported or consistent with the record. (Doc. #7-2, *PageID* #s 54-55). "The obligation to articulate how the ALJ considered the factors in paragraphs (c)(3) through (c)(5) arises only when medical opinions are equally well-supported and consistent—not when the ALJ finds them equally unsupported and inconsistent." *Ebony S. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1043, 2023 WL 7401227, at *5 (S.D. Ohio Nov. 9, 2023) (Litkovitz, M.J.), *report and recommendation adopted sub nom. Ebony M. S. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1043, 2024 WL 20738 (S.D. Ohio Jan. 2, 2024) (Watson, D.J.). Therefore, the undersigned finds that the ALJ had no obligation to articulate the (c)(3) – (c)(5) factors regarding Ms. Smiley's, Ms. Kessler's, and Dr. Zsambok's opinions.

### C. Supportability Analysis of Ms. Kessler's Opinion

In her final argument, Plaintiff contends that the ALJ reversibly erred in finding that Ms. Kessler "did not cite objective findings to support her opinion" when Ms. Kessler cited to "several specific objective clinical signs and symptoms in support of her opinion." (Doc. #8, *PageID* #s 2150-51). For the following reasons, the undersigned finds Plaintiff's argument unpersuasive. First, Plaintiff mischaracterizes the ALJ's finding; while Plaintiff states that the ALJ found that Ms. Kessler "did not cite objective findings to support her opinion," the ALJ found that "[Ms.

12

Kessler] did not cite to objective findings that *support extreme limitations*." (Doc. #7-2, *PageID* #54) (emphasis added). Thus, the ALJ did not state Ms. Kessler had not made *any* citation to objective findings, but rather that any citation made did not support extreme limitations in Plaintiff.

Second, Plaintiff points to Ms. Kessler's checkboxes on a section of the mental impairment questionnaire entitled "[i]dentify your patient's signs and symptoms" as the "several specific objective clinical signs and symptoms in support of [Ms. Kessler's] opinion." (Doc. #8, *PageID* #2150) (citing Doc. #7-10, *PageID* #1511). Courts in the Sixth Circuit have found that medical statements lack supportability when they are "in the form of a checklist, without any additional comments or annotations … lack[ing] any supporting explanations or citations to relevant medical evidence, which are central to the supportability factor." *Zachariah G. v. Comm'r of Soc. Sec.*, No. 2:21-CV-1600, 2022 WL 883769, at *9 (S.D. Ohio Mar. 25, 2022), (Jolson, M.J.), *report and recommendation adopted*, No. 2:21-CV-1600, 2022 WL 2339444 (S.D. Ohio June 29, 2022) (Watson, D.J.); *see also Melanie E. S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2373, 2022 WL 17484355, at *5 (S.D. Ohio Dec. 7, 2022) (Vascura, M.J.) (citing additional cases). Even in cases where the ALJ did not specifically address an opinion as a checkbox opinion, courts have found this to be a sufficient reason to discount a medical opinion's supportability. *Laney v. Comm'r of Soc. Sec.*, No. 5:21-CV-01290-CEH, 2022 WL 2176539, at *6, n.2 (N.D. Ohio June 16, 2022). Here, Ms. Kessler does not offer any remarks about her assessment of Plaintiff's symptoms in the space provided for such remarks. (Doc. #7-10, *PageID* #1511). Additionally, although Ms. Kessler indicates that she discusses Plaintiff's psychiatric condition "frequently in counseling … [Plaintiff's] physical symptoms are exacerbated due to her anxiety and depression," she does not

13

cite to any treatment records that would support that conclusion. *Id*. The two treatment sessions included in the record from January 2022 and March 2022 do not contain any reference to the severe symptomology identified in Ms. Kessler's opinion. *Id*. at 1455-64. Therefore, the ALJ did not err in determining Ms. Kessler's checkbox symptoms were not objective clinical findings to support her opinion.

Finally, Plaintiff asserts that Ms. Kessler's reference to "assisting [Plaintiff] in an emergency mental health assessment at a local hospital" that resulted in the hospital sending Plaintiff for an "inpatient stay to reduce her symptoms" constitutes an objective finding. (Doc. #8, *PageID* #s 2150-51) (citing Doc. #7-10, *PageID* #1514). Assuming for sake of argument that Ms. Kessler's note was an objective finding, the ALJ already addressed Plaintiff's hospitalization and subsequent inpatient stay earlier in her decision. (Doc. #7-2, *PageID* #s 50, 52). Specifically, ALJ Flottman explained that Plaintiff was "hospitalized for a week due to suicidal ideation and increased depression," but that once her medications were changed, "she reported caused [*sic*.] improved symptoms" and she "was clean, calm, cooperative, and denied suicidal ideation" upon discharge. *Id*. at 50 (citing Doc. #7-7, *PageID* #781). Later in her decision, ALJ Flottman reiterated that, while Plaintiff had three hospitalizations for "worsening symptoms," "those hospitalizations were short, [Plaintiff] stabilized with treatment, and [she] had normal findings at discharge." *Id*. at 52 (citing Doc. #7-7, *PageID* #s 633-34, 636, 781). Thus, Ms. Kessler's reference to Plaintiff's inpatient stay would not be an objective finding supporting extreme limitations under the ALJ's analysis. Therefore, Plaintiff's argument that the ALJ erred in her finding that Ms. Kessler did not cite to objective findings in support of her opinion is not well-taken.

Based on the foregoing, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's decision.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be **AFFIRMED**; and

2. The case be terminated on the Court's docket.

January 14, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).