**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Jessica J. E.,**

    **Plaintiff,**

    **v.**

**Commissioner of Social Security,**

    **Defendant.**

**Case No. 2:25-cv-16**

**Judge Michael H. Watson**

**Magistrate Judge Silvain, Jr.**

## OPINION AND ORDER

Jessica J. E. ("Plaintiff") applied for child's disability benefits and supplemental security income, ultimately alleging a disability onset date of January 27, 2021.  ECF No. 7-5 at PAGEID ## 282–315.  Her claims were denied initially and on reconsideration.  ECF No. 7-3 at PAGEID ## 112–59. After the Administrative Law Judge ("ALJ") held a hearing, the ALJ found Plaintiff not disabled.  ECF No. 7-2 at PAGEID ## 43–57.  Plaintiff appealed to the Appeals Council, who declined to review the decision.  *Id.* at PAGEID ## 27–29. Plaintiff then initiated this case and alleged three errors in the ALJ's decision. Compl., ECF No. 1; Stmt. of Specific Errors, ECF No. 8.  It is before the Undersigned on Plaintiff's objection to the Magistrate Judge's Report and Recommendation ("R&R").  Obj., ECF No. 13.

## I.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.  Fed. R. Civ. P. 72(b).

## II.  ANALYSIS

The Magistrate Judge's R&R recommended that the Court overrule Plaintiff's Statement of Specific Errors and uphold the Commissioner of Social Security's ("Commissioner") non-disability finding.  R&R, ECF No. 12.

Specifically, the R&R acknowledged that Plaintiff raised three arguments in her Statement of Specific Errors: (1) the ALJ failed to explain how she evaluated the "supportability" of Dr. Swain's and Dr. Delcour's opinions; (2) the ALJ failed to explain how she evaluated the "other most persuasive factors" of Kessler's, Dr. Zsanbok's, Smiley's, and perhaps Dr. Oricoli's opinions, given that the ALJ found them each equally persuasive; and (3) the ALJ incorrectly concluded that Kessler failed to cite objective medical evidence.  R&R 4–5, ECF No. 12 (citing Stmt. of Specific Errors, ECF No. 8).

The Magistrate Judge rejected Plaintiff's first contention of error by noting that the ALJ could not evaluate the supportability of Dr. Swain's and Dr. Delcour's opinions because they merely adopted a prior ALJ's mental Residual Functional Capacity ("MRFC") without offering their own explanations, and the lack of an independent explanation makes it impossible to evaluate the supportability of the same.  R&R 8–9, ECF No. 12.  More importantly, because the instant ALJ

imposed an MRFC that was *more restrictive* than that recommended by Drs. Swain and Delcour, the Magistrate Judge concluded that any failure to address the supportability of those doctors' opinions did not prejudice Plaintiff or deprive her of a substantial right. *Id.*

With respect to Plaintiff's second contention of error, the Magistrate Judge concluded that the ALJ did not err in failing to evaluate "other most persuasive factors" with respect to Kessler's, Dr. Zsambok's, or Smiley's opinions because the ALJ found their opinions equally *unsupported*, not equally *well supported*. *Id.* at 9–12. The same analysis would apply to Dr. Oricoli.

Finally, the Magistrate Judge rejected Plaintiff's third contention of error as an incorrect characterization of the ALJ's finding and, alternatively, as meritless (even as mischaracterized). *Id.* at 12–13.

On objection, Plaintiff takes issue with only the Magistrate Judge's first and third conclusions. *See generally* Obj., ECF No. 13. Plaintiff therefore forfeited her right to *de novo* review by the Undersigned and her right to appeal the Court's adoption of the Magistrate Judge's R&R with respect to Plaintiff's second contention of error: the ALJ's failure to evaluate "other most persuasive factors" concerning Kessler's, Dr. Zsanbok's, Smiley's, and perhaps Dr. Oricoli's opinions. *See* Fed. R. Civ. P. 72(b)(3) (noting the district judge must determine *de novo* only those portions of an R&R that were properly objected to); R&R 16, ECF No. 12 (warning Plaintiff of forfeiture).

Having identified the scope of Plaintiff's objections, the Court now turns to the merits of the same.

Plaintiff argues first that the Magistrate Judge improperly shifted "the burden of articulating the supportability factor to Plaintiff by requiring Plaintiff to 'point out' the evidence purportedly relied upon by Drs. Swain and Delcour." Obj. 2, ECF No. 13. She contends that the law puts the burden on the ALJ to evaluate (and explain the evaluation of) the supportability factor, and she argues that the Court must reverse the ALJ's decision even if the ALJ's error of law is unlikely to produce a different outcome on remand. *Id.*

This objection is **OVERRULED**.

Dr. Swain and Dr. Delcour opined that Plaintiff had only mild to moderate impairments, and they adopted a prior ALJ's MRFC as their own opinions. ECF No. 7-3 at PAGEID ## 117, 119, 139, 143–44.

The instant ALJ concluded that their findings were "partially persuasive" because "some" of their opined mild-to-moderate limitations were consistent with examinations wherein Plaintiff exhibited only mild symptoms. ALJ Dec., ECF No. 7-2 at PAGEID # 54. But the ALJ nonetheless concluded that Dr. Swain's and Dr. Delcour's opined limitations were too lenient and that Plaintiff's autism warranted *additional limitations. Id.*

Plaintiff objects that the ALJ erred by failing to explain why she rejected the more lenient portions of Dr. Swain's and Dr. Delcour's opinions without explaining how those portions were unsupportable. But because the ALJ's partial rejection

benefited Plaintiff, any error in failing to explain the basis of the rejection did not prejudice Plaintiff.  Accordingly, even assuming that the ALJ erred by failing to explain why the rejected portions were unsupportable, remand is unwarranted.[1] *Cf., e.g., Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if supported by substantial evidence, . . . a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004))).

The Court also **OVERRULES** Plaintiff's objection regarding the Magistrate Judge's third conclusion (as to whether Kessler cited objective medical evidence).  As the R&R explains, Plaintiff's Statement of Specific Errors mischaracterizes the ALJ's decision.  Contrary to Plaintiff's Statement of Specific Errors, Stmt. Specific Errors 16–17, ECF No. 8, the ALJ did not find that Kessler failed to cite objective findings.  Rather, the ALJ found that Kessler "did not cite to objective findings *that support extreme limitations.*"  ALJ Dec. 29, ECF No. 7-2 at PAGEID # 54 (emphasis added).  Thus, the objection fails because the argument

---

[1] Given this conclusion, the Court need not consider the Magistrate Judge's alternative conclusion that the ALJ's ability to conduct a "supportability" analysis was limited because Drs. Swain and Delcour failed to explain their opinions.  R&R 8, ECF No. 12. The Court notes, however, that it is this conclusion that Plaintiff argues results from improper burden shifting.  Obj. 2–3, ECF No. 13.  Plaintiff failed to meaningfully engage with the conclusion that remand is unwarranted because any error benefited Plaintiff, apart from reciting the general rule that courts should not avoid remand simply because the same outcome is likely to occur on remand.  *See id.*

in the Statement of Specific Errors was a mischaracterization of the ALJ's decision.

Moreover, even if Plaintiff had timely asserted a different argument in her Statement of Specific Errors (e.g., that Kessler's opinions about extreme limitations were supported by her narrative notes), that argument would likewise fail. The three narrative statements to which Plaintiff cites, *see* Obj. 3, ECF No. 13, are vague and general. None of them are specific enough to support the extreme limitations in the areas Kessler identified on the questionnaire. *See* ECF No. 7-10 at PAGEID ## 1511–14. Kessler's treatment notes likewise do not support her opinion on extreme limitations. *Id.* at PAGEID ## 1455–64.

## III.   CONCLUSION

For the above reasons, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**